**OSLUND v. MANSFIELD et al.**

No. 6547–A.

District Court, Alaska.
First Division. Juneau.
Sept. 25, 1952.

Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiff.

Robertson, Monagle & Eastaugh, Juneau, Alaska, for defendants.

FOLTA, District Judge.

In this action to recover possession of an automobile, the plaintiff has moved for a

summary judgment. I find that there is no issue of fact. Several questions of law, however, remain to be disposed of.

The defense is based on a purchase of the car from one Bernice Meyers. Her husband bought the car from its original owner with funds embezzled from the plaintiff, by whom he was employed, and took title in her name. She borrowed money from the First National Bank of Juneau, giving as security a chattel mortgage of the car. In the meantime, it appears that an action was commenced to collect the amount embezzled and otherwise owed by Meyers but that thereafter, in consideration of the plaintiff's allowing the Meyers time to make restitution and ultimately reacquire the car upon payment of the amount owed, the car was transferred to the plaintiff, who then resorted to the device of a conditional sales contract, with himself as vendor and the Meyers as vendees. This contract was recorded before the chattel mortgage which antedated it was filed, thus overreaching the lien of the mortgage so far as the plaintiff is concerned.

However, in disregard of the terms of the contract, the Meyers unlawfully removed the car from Haines, where the contract was recorded, to Juneau. Upon discovering this the plaintiff caused the contract to be filed for record in Juneau. About a week later Bernice Meyers sold the car to the defendants who, in connection with paying the purchase price, discharged the mortgage indebtedness.

Having accomplished their purpose the Meyers disappeared, leaving the plaintiff and defendants to battle for the possession of the car, confident that the atrophied arm of the law in Alaska would not hamper their future activities.

Defendants contend that (1) the dealings between plaintiff and the Meyers resulted in a chattel mortgage rather than a transfer and a conditional sale, and (2) that because certain statutory provisions were not complied with, there was no effective conveyance of any rights from Bernice Meyers to the plaintiff. The provisions relied on include those governing the transfer of vehicle ownership certificates, fraudulent transfers, voidable titles, and the statute of frauds.

It should be pointed out that there is no question of the innocence and good faith of the parties. I am of the opinion, however, that the defendants are chargeable with constructive notice of the conditional sales contract.

Before the purchase of the car by defendants, the title records disclosed that Bernice Meyers was the sole owner of the car, because the plaintiff had not procured a certificate in his own name and Bernice Meyers for obvious reasons had avoided exchanging her certificate for one that would disclose her to be a conditional vendee. Defendants' search of other records, although it brought to light the mortgage, stopped there and, hence, did not disclose the record of the conditional sales contract. It would, therefore, appear that this is not the kind of case which may be summarily disposed of under the principle that as between two innocent parties, the one whose fault or negligence caused the loss must bear it.

At this juncture the question which presents itself is whether under the circumstances related the plaintiff is a conditional vendor. The defendants argue that the transfer of the car by Bernice Meyers to the plaintiff and the transaction which followed were one transaction, the product of which was a mortgage in the guise of a conditional sales contract, because its purpose was to secure the payment of the amount due and, indeed, support for this contention may be found in the circumstance that the amount stipulated in the conditional sales contract is the aggregate of Meyers' defalcations. If this view is sound, it is obvious that the plaintiff cannot prevail for the instrument does not comply with the statutory requirements governing chattel mortgages. Although the anomalous character of the transaction precludes its ready classification, it appears clear that the plaintiff insisted on the security of the car since it was purchased with his money. While a security interest could have been created by means of a chattel mortgage, there would have been no reservation of title.

Presumably the Meyers were well informed as to chattel mortgages because they had just executed one in favor of the First National Bank and, hence, it would appear that if a chattel mortgage had been intended they would have insisted on an instrument in that form. Instead they executed an instrument in which such significant terms as "conditional vendor" and "vendee" are employed to describe the parties. It is also significant that the plaintiff has treated it as such and recorded the contract accordingly. That the same result might have been reached by a simpler transaction is beside the point. It is not the means employed or the outward appearance given the transaction, but the intention to create a particular relationship that is controlling. In this setting, the contention that a "lender-borrower" relationship was created completely ignores the fact that the money was embezzled—not borrowed.

■■ The transfer from Bernice Meyers to the plaintiff was not accompanied by a surrender of the certificate of ownership in accordance with the provisions of Sec. 50–2–1 et seq., A.C.L.A. 1949. Defendants' contention in part is that the plaintiff is not the owner of the car because he does not have an ownership certificate and did not obtain one at the time of the alleged sale to him by Bernice Meyers, but an examination of the provisions referred to discloses that their purpose is to deter traffic in stolen motor vehicles. Not only is it not a stolen car, but there is no provision for notice to subsequent purchasers or for the protection of titles so certified in the sections cited. There is, therefore, no analogy between the recording provision of the motor vehicle statute and those of real property. Neither was it intended as a statute of frauds governing the sale of motor vehicles so that a seller or buyer would be permitted to repudiate a purchase or sale in the absence of a certificate of title. Since the purpose of the statute is to facilitate the suppression of the traffic in stolen cars by requiring certificates of ownership, the defendant was not entitled to rely solely on the certificate as proof of ownership in Bernice

Meyers. In this, as in other transactions involving the sale of chattels, the purchaser must primarily rely on the integrity of the seller, for it's Hornbook law that a seller can pass no better title than he has.

■ Defendant, in support of his mortgage theory, also relies on Sec. 58–2–2, subsection 2, providing that an agreement to answer for the debt, default or miscarriage of another must be in writing and signed by the party to be charged or his lawful agent. Since I have concluded that the dealings between the plaintiff and the Meyers constituted a transfer and a conditional sale, this section is not applicable. Likewise, defendants cannot avail themselves of Sec. 58–2–1, pertaining to fraudulent transfer, because plaintiff's conditional sales contract was constructive notice of plaintiff's right and hence the defendants are not bona fide purchasers. Moreover, there was no intention on the part of the plaintiff to defraud any one, although this can hardly be said of the Meyers. Similarly, Sec. 29–1–72 dealing with voidable titles and bona fide purchasers is not applicable because the defendants are not bona fide purchasers.

■■ The question whether the defendant may, as a privy of the Meyers, invoke the statute of frauds is somewhat difficult. Sec. 29–1–12 provides that:

> "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

As the plaintiff points out, the consideration was forbearance of suit. This in my opinion is sufficient to satisfy the statute. It should also be noted that both the Meyers signed the conditional sales contract as vendees, thereby acknowledging the plaintiff as owner of the car. In the light of

these circumstances, the conclusion seems warranted that this constitutes a sufficient memorandum even though it fails to recite the consideration or terms of the transfer. The statute does not require a recital of the consideration, and the real novelty of using the conditional sales contract as a memorandum lies in the fact that ordinarily such missing links repose in letters or telegrams, rather than formal documents of other transactions. Here, however, the terms or consideration for the sale from Bernice Meyers to the plaintiff are not controlling. Ownership in the plaintiff and the acknowledgment of that ownership in writing by the Meyers constitute the essentials of such a memorandum under the facts and issues of this case.

Accordingly, I am of the opinion that the motion for a summary judgment should be granted, but that no costs should be allowed.